IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

CRIMINAL NO. 14-00069
**ELECTRONICALLY FILED**

MICHAEL P. BERNICK,

Defendant.

## ORDER OF COURT RE: MOTIONS IN LIMINE (DOC. NOS. 69, 71, 77)

Defendant is charged with ten counts of theft, embezzlement, or misappropriation by a bank officer or employee. A jury trial is scheduled to begin on August 22, 2014. Presently before this Court are the Parties' Motions in Limine (two filed by the Government and one filed by Defendant). Doc. Nos. 69, 71, and 77. The following Order is entered after consideration of the Motions in Limine, briefs in support thereof (Doc. No. 70), and responses in opposition thereto (Doc. Nos. 80, 82, 84):

1. In light of Defendant's recently filed Motion to Dismiss the Indictment *Nunc Pro Tunc*, the Court **DEFERS RULING** on the Government's Motion in Limine to Exclude All Evidence, References, and Claims of Selective or Vindictive Prosecution (Doc. No. 69) at this time.

2. The Government's Motion in Limine to Exclude Inadmissible Hearsay (Doc. No. 71), in which the Government seeks to prevent Defendant from admitting prior out-of-Court statements he made through the testimony of other witnesses, is **GRANTED**.

3. Defendant's Motion in Limine to Exclude Proposed Fed.R.Evid. 404(b) Evidence (Doc. No. 77), in which Defendant moves this Court to exclude evidence related to: (1) past mortgage delinquencies; (2) mortgage foreclosures; (3) loss of properties due

to Sheriff's sales; (4) mortgages Defendant obtained in the past; and (5) Defendant's poor credit rating is **DENIED**.

In essence, as noted by the Government, the contested other "prior bad acts" can be categorized as either: (1) evidence of Defendant's financial condition at the time he allegedly committed the offenses charged or (2) evidence of his familiarity with the loan procurement process.

The Government intends to introduce evidence of Defendant's poor financial condition at the time he allegedly committed the offenses charged to show his motive and intent for allegedly embezzling money from Metropolitan Savings Bank. This is a proper, non-propensity purpose under Federal Rule of Evidence 404(b)(2). While Defendant is correct that 'being broke" is not an essential element of the offenses, his financial condition may be relevant to the jury's determination of whether the Government has proved the essential elements of the offenses. In this case, the Government does not intend to show that Defendant did not have a significant amount of assets and therefore was driven to embezzle money. Rather, evidence of Defendant's past mortgage delinquencies and foreclosures and his generally poor financial condition is relevant to prove the Government's theory that Defendant committed the offenses because he was not able to legally secure additional loans from Metropolitan Savings Bank. In other words, this evidence is relevant to prove motive/intent. This evidence is more probative than prejudicial especially because the prior bad acts are not criminal in nature.

Evidence of Defendant's familiarity with the loan process will be offered by the Government to show that Defendant knew that the loans that form the basis for

the present offenses were not properly obtained. This is a proper, non-propensity purpose. Specifically, evidence of past loans obtained by Defendant is relevant to show Defendant's knowledge in future allegedly fraudulent transactions. The probative value of this evidence is not substantially outweighed by a danger of unfair prejudice under Federal Rule of Evidence 403.

The Parties have submitted an appropriate limiting instruction as to these "prior bad acts." Doc. No. 75, 14-15. It has been incorporated into this Court's draft final jury instructions.

SO ORDERED, this 11th day of September, 2014,

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties