IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

MICHAEL P. BERNICK,

Defendant.

CRIMINAL NO. 14-00069
**ELECTRONICALLY FILED**

## ORDER OF COURT RE: DEFENDANT'S MOTION TO DISMISS THE INDICTMENT NUNC PRO TUNC (DOC. NO. 83)

In March, 2014, Defendant was charged by Indictment with nine counts of theft, embezzlement, or misappropriation by a bank officer or employee, in violation of 18 U.S.C. §§ 2(b) and 656, based upon allegedly criminal behavior, while he was a director of the now defunct Metropolitan Savings Bank. Doc. No. 1. Defendant pled not guilty and the Court scheduled trial to begin on September 22, 2014, after consulting with counsel and Defendant during a May 19, 2014, Status Conference. Doc. No. 26. On August 19, 2014, a Superseding Indictment was filed, which included one additional count of theft, embezzlement, or misappropriation by a bank officer or employee. Doc. No. 51. Defendant has pled not guilty to all of the charges set forth in the Superseding Indictment. Doc. No. 55. The Court held another status conference in light of the filing of the Superseding Indictment. Doc. No. 54. Defendant and his counsel agreed that they were prepared to proceed to trial as scheduled.

Presently before this Court is Defendant's Motion to Dismiss the Indictment *Nunc Pro Tunc*. Doc. No. 83. Defendant moves this Court to dismiss the Superseding Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A)(iv) because of allegedly selective or vindictive prosecution. Id. The Government opposes this Motion and argues that the Court should summarily deny Defendant's requested relief. Doc. No. 89.

Defendant concedes that he bears the "initial burden of proof in a [selective] prosecution claim and is required to establish the appearance of [selectiveness]" before the burden shifts to the prosecution to show that the decision to prosecute was justified. *United States v. Taylor*, 686 F.3d 182 (3d Cir. 2012); *United States v. Schoolcraft*, 879 F.2d 64, 68 (3d Cir. 1989). Both parties agree that in order to establish a *prima facie* case of selective prosecution, Defendant must: (1) provide evidence that similarly situated persons have not been prosecuted; and (2) the decision to prosecute was "made on the basis of an unjustifiable standard, such as race, religion, or some other arbitrary factor, or that the prosecution was intended to prevent his exercise of a fundamental right." *Schoolcraft*, 879 F.2d at 68.

Defendant has not met this standard. As to the first prong, Defendant contends that other individuals received loan proceeds from the bank before they completed loan applications and provided collateral, but have not been indicted. Defendant cites to internal FDIC memorandum as evidence that another director of the Metropolitan Savings Bank had outstanding loans. This is not "clear evidence" that this unnamed director's actions were indistinguishable from Defendant's allegedly criminal behavior.

Defendant has also failed to demonstrate the second prong. He states that he was not "singled out" due to his race or religion, but rather, an unknown arbitrary reason. Doc. No. 83, 5. This is wholly insufficient to demonstrate that Defendant was prosecuted on the basis of an unjustifiable standard and that the prosecution was intended to prevent his exercise of a fundamental right. If speculations such as these were sufficient, then almost every Defendant could make out a *prima facie* case for selective prosecution. This would disturb the presumption of regularity that attaches to prosecutions. *Taylor*, 686 F.3d at 197. For example, an individual indicted for tax evasion could present evidence that other individuals in the Western District of

Pennsylvania do not pay their taxes and speculate that he was singled out for an arbitrary reason of which he is unaware. An inquiry by the Court on a motion to dismiss the indictment based upon such an unsupported contention of an "arbitrary" reason for "selective" prosecution would greatly inhibit the entire criminal justice system. Prosecutors have discretion in many decisions such as which crimes are prosecuted, which individuals are prosecuted, and in what order individuals are indicted. *See United States v. Armstrong*, 517 U.S. 456, 464 (1996), as cited by the Government, Doc. No. 89, 1. Defendant has not presented any grounds to examine the Government's decision to prosecute in this case.

Therefore, this 16th day of September, 2014, IT IS HEREBY ORDERED THAT:

1. Defendant's Motion to Dismiss the Indictment *Nunc Pro Tunc* (Doc. No. 83) is **DENIED**; and

2. The Government's Motion in Limine to Exclude All Evidence, References, and Claims of Selective or Vindictive Prosecution (Doc. No. 69) is **GRANTED IN PART AND DENIED IN PART**. Defendant may present evidence that his specific actions comported with the general practice at the Metropolitan Savings Bank to rebut the Government's evidence of intent. However, the Defendant may not present any evidence or make any argument that he was selectively or vindictively prosecuted.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties