IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

MICHAEL P. BERNICK,

Defendant.

CRIMINAL NO. 14-00069

**ELECTRONICALLY FILED**

### MEMORANDUM ORDER RE: DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29(C)(1) OR FOR A NEW TRIAL UNDER RULE 33 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE (DOC. NO. 115)

On September 26, 2014, Defendant was convicted by a jury of nine counts of theft, embezzlement, or misappropriation by a bank officer or employee in violation of 18 U.S.C. §§ 656 and 2(b) as contained within counts 1 and 3-10 of the Superseding Indictment. Doc. No. 111. Defendant was found not guilty of one count of the same offense based upon the conduct charged in Count 2 (April 19, 2005 in the amount of $54,100.00). Id. Sentencing is scheduled for February 19, 2015. Doc. No. 113.

Presently before this Court is Defendant's Motion for Judgment of Acquittal Pursuant to Rule 29(c)(1) or for a New Trial under Rule 33 of the Federal Rules of Criminal Procedure. Doc. No. 115. The Government opposes Defendant's Motion in its entirety. Doc. No. 118. The Motion is fully briefed and ripe for disposition.[1] After consideration of the Motion and the record in this case, the Court will DENY Defendant's Motion.

---

[1] The Court ordered that Defendant shall file a reply brief on or before October 28, 2014. 10/14/2014 Text Order. Defendant did not file a reply brief.

1

Federal Rule of Criminal Procedure 29(a) provides that a defendant may motion the Court for a judgment of acquittal on any offense after the government closes its evidence or after the close of all evidence, which must be granted if "the evidence is insufficient to sustain a conviction." On September 24, 2014, Defendant made an oral motion to the Court for Judgment of Acquittal following the close of the Government's case. Doc. No. 104. The Court denied Defendant's Motion, finding that the Government had presented sufficient evidence to sustain a conviction on all ten counts. Id.

Federal Rule of Criminal Procedure 29(c)(1) provides that a defendant may renew a motion for judgment of acquittal within 14 days after a guilty verdict. Defendant has timely renewed his Motion. Doc. No. 115. Defendant alternatively moves the Court to vacate judgment on counts 1 and 3-10 and grant a new trial in the interest of justice pursuant to Federal Rule of Criminal Procedure 33. Defendant's Motion is based upon the jury's split verdict, which Defendant contends "makes no sense whatsoever" because the evidence presented by the Government and Defendant was "identical" and therefore, the jury should have rendered the same verdict on all ten counts. Doc. No. 115. Defendant posits that the jury's apparent "confusion" and the "weakness" of the Government's case as to counts 1 and 3-10 necessitates that the verdicts be set aside or that a new trial be ordered.

The Court finds that the Government presented sufficient evidence as to each of the ten counts to sustain a conviction. Although this case presented over-arching "themes" such as the operation of Metropolitan Savings Bank, distinct evidence was presented, in both documentary and testimonial form, as to each count. The jury received all of the evidence presented in this case when they began their deliberations, including over 100 exhibits. The jury was instructed to

carefully consider all of the evidence. They were also provided with the United States Court of Appeals for the Third Circuit's Model Criminal Jury Instruction 1.14, which provides that:

> You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense. For each offense charged, you must decide whether the Government has proved beyond a reasonable doubt that the Defendant is guilty of that particular offense.
>
> Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged. Each offense should be considered separately.

Defendant did not object to this instruction. The Court finds that the jury's "inconsistent" verdict is the product of the jurors' careful review of the evidence and the proper separate consideration of how the evidence relates to each of the ten counts. As set forth in the United States Court of Appeals for the Third Circuit's Model Jury Instructions and as read to the jury during final jury instructions in this case, a verdict on one count is not dispositive of the verdicts for the remaining counts. A reasonable jury could have found Defendant not guilty of Count 2 and guilty of other counts of the Superseding Indictment.

Defendant has not advanced evidence to meet his heavy burden to demonstrate that his requested relief is appropriate. The Court will not usurp the function of the jury in rendering its verdict or order a new trial. Therefore, the following Order is entered:

AND NOW, this 4th day of November, 2014, IT IS HEREBY ORDERED THAT Defendant's Motion for Judgment of Acquittal Pursuant to Rule 29(c)(1) or for a New Trial under Rule 33 of the Federal Rules of Criminal Procedure (Doc. No. 115) is **DENIED**.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All Registered ECF Counsel and Parties