IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MICHAEL P. BERNICK,

      Defendant.

Criminal No. 14-069
ELECTRONICALLY FILED

**MEMORANDUM ORDER RE:**
**DEFENDANT'S MOTION FOR SENTENCE REDUCTION (DOC. NO. 158)**

Defendant, Michael P. Bernick, seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Doc. No. 158. For the following reasons, this Motion will be DENIED, and Defendant's sentence will remain as entered on June 8, 2015. Doc. No. 144.

Following a jury trial, Defendant was found guilty of nine counts of bank embezzlement, which resulted in the closure of the bank, and a loss totaling approximately $9.9 million which was absorbed by 25 victims - - the FDIC and 24 underinsured depositors. Defendant was sentenced to 144 months in prison, well below the applicable guideline range of 210 to 262 months' imprisonment. When calculating the applicable guideline range, the Court applied a 2-level enhancement pursuant to U.S.S.G. § 2B1.1 because the offense involved 10 or more victims.

Approximately five months after entry of judgement, Amendment 792 to the United States Sentencing Guidelines became effective, changing Section 2B1.1(b)(2) in relevant part from

> ". . . If the offense (i) involved 10 or more victims; or (ii) was committed through mass-marketing, increase by 2 levels;"

to

> ". . . If the offense (i) involved 10 or more victims; (ii) was committed through mass-marketing; or (iii) resulted in substantial financial hardship to one or more victims, increase by 2 levels[.]"

*See* U.S.S.G., Supplement to Appendix C, Amendment 792 (Nov. 1, 2015).

Defendant argues that this amendment applies retroactively to his sentence, and that its application decreases his offense level by two. Doc. No. 158. Applying this decrease would place his offense level at 35, with an applicable guideline range of 168–210 months of imprisonment. Defendant's current sentence of 144 months of imprisonment is still substantially below the minimum of this range.

In ruling on this motion, the Court must consider two factors, first, whether the amendment to the sentencing guidelines is to be retroactively applied, and second, if it is to be applied retroactively, would it apply to this case. *United States v. Cobb*, --- F. Supp. 3d ---, 2017 WL 1209563 (E.D. Pa., April 3, 2017). Neither factor is met here.

Section 1B1.10(d) of the United States Sentencing Guidelines lists the amendments that are intended to be applied retroactively. Amendment 792 is not listed, and as such, is not to be retroactively applied. *See United States v. Egwuekwe*, 668 Fed. Appx. 421 (3d Cir. 2016).

Additionally, Defendant's total offense level would not be affected by Amendment 792. The enhancement used in determining the offense level at the time judgement was entered applied "[i]f the offense… (i) involved 10 or more victims...." USSG, § 2B1.1(b)(2)(A) (Nov.

2014).  The amended section includes the very same language: "If the offense: (i) involved 10 or more victims; (ii) was committed through mass marketing; (iii) **or** resulted in substantial financial hardship to one or more victims."  USSG, § 2B1.1 (b)(2)(A) (Nov. 2015) (emphasis added).[1]  As a result, the offense level does not change.

Further, Defendant's imposed sentence was below the guideline range, and the downward variance applied by the Court was never intended to be a hard and fast 66-month reduction regardless of the guideline range calculated.  The 144 months of imprisonment imposed properly accounts for the sentencing factors in 18 U.S.C. § 3553(a), and the Court would not reduce the imposed sentence further to 102 months as suggested by Defendant.

Therefore, this 7th day of July, 2017, IT IS HEREBY ORDERED THAT the Defendant's Motion for Sentence Reduction, (doc. no. 158), is DENIED.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc:    All Registered ECF Counsel and Parties

---

[1] Defendant relies on the "substantial hardship" language in his motion.  However, the language of § 2B1.1 (b)(2)(A) is a disjunctive, and therefore the enhancement for affecting ten or more victims is the same before and after the amendment.  The disjunctive reading of § 2B1.1 (b)(2)(A) is supported by the commentary on the amendment.  USSG, Supplement to Appendix C, Amendment 792, *Reason for Amendment* (Nov. 2015).  The Sentencing Commission amended the guidelines to account for financial crimes that substantially harmed fewer than 10 victims, it did not wish to lessen the punishment for financial crimes that involved 10 or more victims.